IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E360INSIGHT, LLC an Illinois Limited )
Liability Company, and DAVID LINDHARDT, )
an individual, )
                Plaintiffs, )
                 )
                 ) Case No. 1:2008cv00442
   v. ) VIRGINIA M. KENDALL
                 )
                 )
MARK JAMES FERGUSON, an individual, )
SUSAN WILSON, an individual, KELLY )
CHIEN, an individual, )
                 )
                Defendants,

F I L E D
MAR 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION TO DISMISS COMPLAINT

1. Mark James Ferguson, pursuant to Fed. R. Civ. Proc. 12(b)(2)(6) moves this Court to dismiss Plaintiff's Complaint against him. The reasons for this Motion are set forth in the accompanying Memorandum in Support.

Mark James Ferguson
3831 S. Fawcett Avenue
Tacoma, Washington 98418
(253) 475-5316 (Telephone)

1

## MEMORANDUM IN SUPPORT

I. INTRODUCTION

Defendant Ferguson is an Interactive Service Provider residing and conducting business in the states of Washington and California. Ferguson does not reside, conduct business, own property or have a bank account in Illinois. Ferguson does not meet the minimum contact requirements for Illinois to subject him to Illinois jurisdiction.

This is not the first time, nor the second time Ferguson has been sued for the same causes of action by these Plaintiffs. In both prior cases the Plaintiffs requested and were granted voluntary dismissals without prejudice. The Illinois Judicial system is being used by plaintiffs to harass, bully, torment and browbeat Ferguson, and to furthermore enable the Plaintiffs to avoid answering for their own unlawful actions. The following is a chronology of events relevant to this dispute.

| Date | Event |
|---|---|
| January 12, 2007 | Ferguson received first spam from E360Insight. |
| January 20, 2007 | Ferguson posted to NANAE that the spam was not welcome. |
| January 20, 2007 | Plaintiff acknowledges Ferguson's complaint about spam in the same forum. |
| February 9, 2007 | Ferguson sends letter of demand for damages, to expire on March 9, 2007 |
| March 4, 2007 | Plaintiffs post falsified signup information for Ferguson |
| March 5, 2007 | Plaintiffs responds through legal counsel to Letter of Demand denying Ferguson's claims citing Plaintiffs falsified signup information. |
| March 7, 2007 | Plaintiffs file suit in THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION for Defamation Per Se, Tortious Interference With A Prospective Business Advantage and Tortious Interference With A Contract: Ferguson, Susan Wilson, Rob Saecker, Rich Tietjens, Kelly Chien, and Tim Skirvin. |
| March 16, 2007 | Bill Silverstein then filed suit against Plaintiffs for spam. |

| | |
|---|---|
| May 8, 2007 | Plaintiffs requested a voluntary dismissal and it is granted. |
| May 11, 2007 | Plaintiffs file the same suit only this time Plaintiffs removed Kelly Chien and added Bill Silverstein so the defendants were now: Ferguson, Susan Wilson, Rob Saecker, Rich Tietjens, William Silverstein, and Tim Skirvin |

Over the following months Tim Skirvin hired counsel to file multiple motions for change of venue and for dismissal, and Robert Saecker hired counsel and responded with a motion to dismiss for lack of Jurisdiction. Ferguson responded by filing a motion to dismiss for lack of jurisdiction and a reply brief. These motions were to be heard September 23, 2007.

| | |
|---|---|
| September, 23, 2007 | Plaintiffs request and are granted a second voluntary dismissal. |
| Subsequently, in December, 2007, | Ferguson through legal counsel presented Plaintiffs with a Settlement Agreement, copy of the complaint to be filed and a request for waiver of service. This agreement was for not only the unlawful spam email but more importantly concerned the many interviews made by Plaintiffs to the news media accusing Ferguson of "hacking" Plaintiffs' servers and causing to be sent pornography and other objectionable material in direct conflict with Ferguson's stated anti-spam position. Additionally Plaintiffs made public accusatory statements in the news media that Ferguson had signed up for their unlawful spam emails only to then file complaints thus damaging Ferguson's reputation further. |
| January 18, 2007 | In clear retaliation, Plaintiffs filed this suit, the third suit to avoid having to defend themselves in the jurisdiction local to Ferguson. Plaintiffs filed this suit to harass, intimidate and otherwise harm Ferguson. |

II. FACTS

The following allegations are the basis for Plaintiffs' claims for damages against

3

Defendant Ferguson.

In Paragraph 33 of Plaintiffs' complaint Plaintiff alleges Ferguson "referred" to Plaintiff as spammers.

> *Defendant's references to Plaintiffs as spammers constitute defamation because they impute that e360, and through it, Linhardt, committed criminal acts, or are unable to perform their services ably or with integrity, thus prejudicing Plaintiffs reputation and in their employment*

Plaintiffs acknowledged their spam was unwanted and unwelcome when Plaintiff Dave Linhardt, in a post dated January 20, 2007, stated.

> *You can send a data file containing these email addresses to e360insight@gmail.com. We would be happy to remove them from our*
> *system and not mail them again.*
>
> *Regards,*
>
> *Dave Linhardt*
> *e360Insight, LLC*

Plaintiff's posted March 4, 2008 the manufactured signup information for Defendant Ferguson.

> *Below is the source information of where you signed up and when.*
>
> *email: washington_resident@whew.com*
> *first_name: MARK*
> *last_name: FERGUSON*
> *address_1: 3831 FAWCETT AVE*
> *city: TACOMA*
> *state: WA*
> *zip: 98418*
> *zip+4: 98418-6734*
> *opt-in site: 123FreeTravel.com*
> *opt-in date: 2006-11-29 00:00:00.000*
> *ip address: 131.191.13.159*

Net.admin.net-abuse.email [NANAE] is for the discussion of email abuse and is not directed at Illinois residents.

| | |
|---|---|
| alt.illinois.schools.highschools.niles-west | chi.media |
| chi.ai | chi.music |
| chi.eats | chi.news |
| chi.forsale | chi.news.stats |
| chi.general | chi.personals |
| chi.internet | chi.places |
| chi.jobs | chi.politics |
| chi.jobs.offered | chi.test |
| chi.mail | chi.wanted |
| | chi.weather |

Defendant MARK JAMES FERGUSON will and hereby does request that this Court take judicial notice of the following:

Plaintiffs were caught in Maui Jim Inc., v. Bargain Depot, Inc. case# Case No. 06-1169, spamming unlawfully for "knockoffs" of Maui Jim products, delayed and obstructed the proceedings.

> *In its Motion for Summary Judgment, Maui Jim explicitly requests that the Court do the following five things:*
> *(1) declare the '059 patent valid;*
> *(2) declare that BDE infringed the patent;*
> *(3) grant Maui Jim damages equal to the minimum statutory damages ($250);*
> *(4) adjudge that BDE's bad faith and dilatory conduct makes this case exceptional under 35 U.S.C. § 285; and*
> *(5) compensate Maui Jim by awarding it reasonable attorney fees incurred in prosecuting this matter after the date of the "reneged-upon settlement."*
>
> *In its Response to the Motion for Summary Judgment, BDE has admitted all of the factual allegations related to (1), (2), and (3) above and concedes summary judgment on those points.*
>
> *[...]*
>
> *The bottom line is that BDE's unwillingness to settle under the terms to which it had initially agreed, without any sound justification for its purported reason, combined with its discovery delays, renders this case*

"exceptional" for purposes of 35 U.S.C. § 285.

III LAW AND ARGUMENT

### A. Immunity For Reporting Objectionable Material.

US CODE: Title 47 § 230 provides protection for private blocking and screening of offensive material is very clear that individuals that report offensive and/or objectionable material shall not be held liable for those acts [*The Superior Court of the State of California County of Orange Case Number 03CC12794*]. (Pallorium vs. Jared, Cal. 4th, 2007).

> *(c) Protection for "Good Samaritan" blocking and screening of offensive material*
>
> *(1) Treatment of publisher or speaker*
>
> *No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.*
>
> *(2) Civil liability*
> *No provider or user of an interactive computer service shall be held liable on account of—*
>
>> *(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or*
>>
>> *(B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).*

### B. Federal Law Required Plaintiffs To Cease And Desist Sending Spam After Notice From The Recipient.

The Can Spam Act of 2003, 15 U.S.C. § 7701 requires removal after notice is received by the sender within 10 business days of said notice.

6

> *(4) PROHIBITION OF TRANSMISSION OF COMMERCIAL ELECTRONIC MAIL AFTER OBJECTION-*
>
> > *(A) IN GENERAL- If a recipient makes a request using a mechanism provided pursuant to paragraph (3) not to receive some or any commercial electronic mail messages from such sender, then it is unlawful--*
> > > *(i) for the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message that falls within the scope of the request;*

Furthermore Washington State has laws governing deceptive email marketing.

> *§ 19.190.020. Unsolicited or misleading electronic mail – Prohibition*
>
> > *(1) No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that:*
> > > *(a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or*
> > > *(b) Contains false or misleading information in the subject line.*

### C. Neither General Nor Specific Jurisdiction Exists In Illinois.

There is a two-step analysis to determine personal jurisdiction under the laws of Illinois. First, whether the state's long-arm statute and the applicable civil rule confer personal; Jurisdiction; and second, whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the U.S. Constitution.

> § 2-209. Act submitting to jurisdiction--Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising

from the doing of any of such acts:

(1) The transaction of any business within this State;
(2) The commission of a tortious act within this State;
(3) The ownership, use, or possession of any real estate situated in this State;

### D. Personal Jurisdiction Not Consistent With Procedural Due Process

Granting jurisdiction over Ferguson in a Court 2,500 miles from his place of residence would deprive Ferguson of his Procedural Due Process and place Ferguson at a very distinct disadvantage removing all notions of fair play.

The United States Supreme Court upheld this principle, and raised it to a constitutional level, when it stated that judgments entered by a court without such jurisdiction were violations of the Due Process Clause of the U.S. Constitution (Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 [1877]).

*http://law.jrank.org/pages/8361/Long-Arm-Statute.html*

If authority exists under Illinois's long-arm statute to exercise jurisdiction over Ferguson, which it does not, the Court must also consider whether the jurisdiction granted under the longarm statute is consistent with "traditional notions of fair play and substantial justice." International Shoe Co. v Washington, 326 U.S. 310, 316 (1945). In order to meet the International Shoe standard, defendant must have engaged in "continuous and systematic" conduct in the forum state. Id See also, Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 6th Cir. 1996). Even if Ferguson posted numerous complaints about the Plaintiffs, hailing Ferguson into Court in Illinois is not reasonable and offends all notions of fair play and substantial justice, This is because the newsgroup to which communications are sent are automatically sent via Usenet (interstate commerce), with no specific intent to send these complaints to Illinois

residents or businesses. When the defendant's alleged contact with the forum state occurs via the Usenet, the Plaintiffs face an initial hurdle in showing where this Usenet conduct took place for jurisdictional purposes. The Sixth Circuit holds that the operation of a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction, even where the website enables the defendant to do business with residents of the forum state, because such activity does not approximate physical presence within the state's borders—the Usenet is not the same as the Internet or the World Wide Web and is not largely available requiring special software to access it.

Using Cadle Company v. Schlichtntann, 123 Fed. Appx. 675, 677. it was similarly found, complaints merely present an opportunity for persons in every state, and, in fact, in different countries to read them; and should not and does not constitute physical presence within the State of Illinois. Furthermore Mr. Ferguson states, any contact with Illinois is merely fortuitous and unintended.

### E. Personal Jurisdiction Over Ferguson Does Not Exist.

Analyzing jurisdiction relative to Ferguson, there is no allegation or evidence that Ferguson himself transacted business in Illinois, Ferguson does not live, work, transact business, or own real estate in Illinois. He is a resident of Washington. Based upon Southern Machine, supra, there simply is no basis to assert personal jurisdiction over Ferguson.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Defendant Ferguson must be dismissed with prejudice and under F.R.C.P. 41 this court grant cost to Ferguson for the previous case Plaintiffs did cause to be brought against Ferguson with the sole intent

of requesting a voluntary dismissal which was requested and granted. Furthermore, this same exact case having been dismissed voluntarily not once but twice at the sole request of the Plaintiff should be considered adjudicated pursuant to F.R.C.P. 41(a)(1).

Even if all causes of action in the complaint are found to be true and this court does find it has jurisdiction, Ferguson is an Interactive Service Provider and therefore has immunity from damages under Title 47 US Code, 230 for both sending the spam from Plaintiffs to Spamhaus.org or any other blocking agency an to the Plaintiffs Internet Service Providers in Ferguson's effort to prevent the spam and to bolster the defense of Spamhaus when Spamhaus requested copies of spam from Plaintiffs to present in Illinois Court.

Ferguson respectfully requests this Court retain jurisdiction over Plaintiffs for purposes of hearing Ferguson's motion for sanctions pursuant to F.R.C.P. 11(b) against Plaintiffs severally and individually, the Synergy Law Group severally and the attorneys individually.

Respectfully submitted,

Mark James Ferguson