IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E360INSIGHT, LLC an Illinois Limited )
Liability Company, and DAVID LINDHARDT, )
an individual, )
          Plaintiffs, )
                            )    Case No. 1:2008cv00442
v. )    VIRGINIA M. KENDALL
                            )
MARK JAMES FERGUSON, an individual, )
SUSAN WILSON, an individual, KELLY )
CHIEN, an individual, )
                            )
          Defendants,

MOTION FOR ALL HEARINGS TO
BE DONE BY TELEPHONE CONFERENCE

FILED
MAR 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1. Mark James Ferguson, pursuant to Rule 185 of the Illinois Supreme Court Rules, moves this Court grant all hearings be done by telephone conference. The reasons for this Motion are set forth in the accompanying Memorandum in Support.

                                        Mark James Ferguson
                                        3831 S. Fawcett Avenue
                                        Tacoma, Washington 98418
                                        (253) 475-5316 (Telephone)

1

MEMORANDUM IN SUPPORT

I. INTRODUCTION

Defendant Ferguson is an Interactive Service Provider residing and conducting business in the states of Washington and California. Ferguson does not reside, conduct business, own property or have a bank account in Illinois. Ferguson does not meet the minimum contact requirements for Illinois to subject him to Illinois jurisdiction.

Defendant wishes to have a fair hearing if hearings are to take place and sees no other way for Defendant's voice to be heard other than a telephone conference.

II. FACTS

Defendant Ferguson resides no less than 2,500 miles from this court and under such circumstance it is not plausible to expect the Defendant to make each court date and to be in residence simply to hear each motion and to be able to respond to each motion. Without Defendant's voice being heard in direct response to the allegations leveled against Ferguson and for Ferguson to be able to answer to this Court directly his right to due process would be violated.

III LAW AND ARGUMENT

**A. Rule 185 of the Supreme Court Rules for the State of Illinois.**

*http://www.state.il.us/court/SupremeCourt/Rules/Art_II/ArtII.htm#185*

Rule 185. Telephone Conferences

> *Except as may be otherwise provided by rule of the circuit court, the court may, at a party's request, direct argument of any motion or discussion of any other matter by telephone conference without a court appearance. The court may further direct which party shall pay the cost of the telephone calls.*

This is not merely words placed on paper but instead is an attempt to provide an equal opportunity for justice under Illinois State law for citizens of other states that do not have either the means or the need to hire an attorney local to this venue and to those of us that cannot attend hearings due to the distance from our residences to your Courts when defending ourselves against those that use the Judicial System to bully and attack their victims. We are left with little alternative other than to mount our own defense and Rule 185 allows for this.

2

### B. Rule 187. Motions on Grounds of Forum Non Conveniens.

The obviousness of this forum's inconvenience goes without saying.

> *(b) Proceedings on motions. Hearings on motions to dismiss or transfer the action under the doctrine of forum non conveniens shall be scheduled so as to allow the parties sufficient time to conduct discovery on issues of fact raised by such motions. Such motions may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered. The determination of any issue of fact in connection with such a motion does not constitute a determination of the merits of the case or any aspect thereof.*

However there is no other forum that is convenient to the Defendant Ferguson that this court could reside over in the state of Illinois. Defendant Ferguson is not asking for this case to be transferred to another Forum that is more convenient; simply because there is no forum within the State of Illinois that is convenient. So instead the Defendant is showing the necessity of granting this motion for all future motions and/or proceedings to be heard by a telephone conference as provided under Rule 185.

### C. Neither General Nor Specific Jurisdiction Exists In Illinois.

There is a two-step analysis to determine personal jurisdiction under the laws of Illinois. First, whether the state's long-arm statute and the applicable civil rule confer personal; Jurisdiction; and second, whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the U.S. Constitution.

> § 2-209. Act submitting to jurisdiction--Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State;
> (2) The commission of a tortious act within this State;
> (3) The ownership, use, or possession of any real estate situated in this State;

### D. Personal Jurisdiction Not Consistent With Procedural Due Process

Granting jurisdiction over Ferguson in a Court 2,500 miles from his place of residence would deprive Ferguson of his Procedural Due Process and place Ferguson at a very distinct disadvantage removing all notions of fair play.

The United States Supreme Court upheld this principle, and raised it to a constitutional level, when it stated that judgments entered by a court without such jurisdiction were violations of the Due Process Clause of the U.S. Constitution (Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 [1877]).

*http://law.jrank.org/pages/8361/Long-Arm-Statute.html*

If authority exists under Illinois's long-arm statute to exercise jurisdiction over Ferguson, which it does not, the Court must also consider whether the jurisdiction granted under the longarm statute is consistent with "traditional notions of fair play and substantial justice." International Shoe Co. v Washington, 326 U.S. 310, 316 (1945). In order to meet the International Shoe standard, defendant must have engaged in "continuous and systematic" conduct in the forum state. Id See also, Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 6th Cir. 1996). Even if Ferguson posted numerous complaints about the Plaintiffs, hailing Ferguson into Court in Illinois is not reasonable and offends all notions of fair play and substantial justice, This is because the newsgroup to which communications are sent are automatically sent via Usenet (interstate commerce), with no specific intent to send these complaints to Illinois residents or businesses. When the defendant's alleged contact with the forum state occurs via the Usenet, the Plaintiffs face an initial hurdle in showing where this Usenet conduct took place for jurisdictional purposes. The Sixth Circuit holds that the operation of a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction, even where the website enables the defendant to do business with residents of the forum state, because such activity does not approximate physical presence within the state's borders—the Usenet is not the same as the Internet or the World Wide Web and is not largely available requiring special software to access it.

Using Cadle Company v. Schlichtmann, 123 Fed. Appx. 675, 677. it was similarly found, complaints merely present an opportunity for persons in every state, and, in fact, in different countries to read them; and should not and does not constitute physical presence within the State of Illinois. Furthermore Mr. Ferguson states, any contact with Illinois is merely fortuitous and unintended.

**E. Personal Jurisdiction Over Ferguson Does Not Exist.**

Analyzing jurisdiction relative to Ferguson, there is no allegation or evidence that Ferguson himself transacted business in Illinois, Ferguson does not live, work, transact business, or own real estate in Illinois. He is a resident of Washington. Based upon Southern Machine, supra, there simply is no basis to assert personal jurisdiction over Ferguson.

### IV. CONCLUSION

For the foregoing reasons, Defendant requests this court grant Ferguson's request for all hearings, motions and all future proceedings to be done by telephone so that Defendant's Due Process is not violated.

Respectfully submitted,

Mark James Ferguson