IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E360INSIGHT, LLC an Illinois Limited )
Liability Company, and DAVID LINDHARDT, )
an individual, )
                Plaintiffs, )
                 )   Case No. 1:2008cv00442
     v. )   VIRGINIA M. KENDALL
                 )
MARK JAMES FERGUSON, an individual, )
SUSAN WILSON, an individual, KELLY )
CHIEN, an individual, )
                 )
              Defendants,

FILED
APR 08 2008
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR SEVERANCE AND TRANSFER OF VENUE

1. Mark James Ferguson, moves to sever pursuant to Federal Rule of Civil Procedure 21 and to transfer pursuant 28 U.S.C. § 1404(a) all claims in the complaint regarding contracts entered into in North Dakota located outside of this Court's jurisdiction. Furthermore pursuant to 28 U.S.C. § 1406(a) that these defects be corrected and this case either be dismissed or transferred to the proper venue of the United States District Court, Western District of Washington, Seattle.

Mark James Ferguson
3831 S. Fawcett Avenue
Tacoma, Washington 98418
(253) 475-5316 (Telephone)

MEMORANDUM IN SUPPORT

I.   INTRODUCTION

Defendant Ferguson is an Interactive Service Provider residing and conducting business in the states of Washington and California. Ferguson does not reside, conduct business, own property or have a bank account in Illinois. Ferguson does not meet the minimum contact requirements for Illinois to subject him to Illinois jurisdiction.

Defendant Ferguson maintains Illinois does not have subject matter or personal jurisdiction.

II.  FACTS

If Ferguson entered into a contract that contract would have been with 123freetrave.com [GenerationX-Solutions, Inc.] located in North Dakota. see exhibit A

Defendant Ferguson never has entered into any contract or business agreement with Plaintiffs as demonstrated below in the statement made by Plaintiffs. see exhibit B

The following allegations are the basis for Plaintiffs' claims for damages against Defendant Ferguson.

In Paragraph 33 of Plaintiffs' complaint Plaintiff alleges Ferguson "referred" to Plaintiff as spammers.

> *Defendant's references to Plaintiffs as spammers constitute defamation because they impute that e360, and through it, Linhardt, committed criminal acts, or are unable to perform their services ably or with integrity, thus prejudicing Plaintiffs reputation and in their employment*

Previously contradicted by Paragraph 13.

> *…. engage in "spamming" which is the digital equivalent of sending junk mail….*

Something that unfortunately is not illegal and/or criminal even though like spam it is unwanted.

In Paragraph 12 of Plaintiffs' state that their victims go through "double opt-in" but that is never actually defined.

> *…. Is targeted to persons "opting in" to a list… some of which are then verified through a "double opt-in" process….*

3

In Paragraph 8 of Plaintiffs' complaint they state they are seeking different but similar damages from each of the Defendants and so Ferguson being removed from the case will have no impact on the other Defendants as the Plaintiffs will seek different damages per Defendant.

> .... *Plaintiffs seek in excess of $75,000.00 from each Defendant...*

Plaintiffs acknowledged their spam was unwanted and unwelcome when Plaintiff Dave Linhardt, in a post dated January 20, 2007, in response to Plaintiffs Exhibit 2 where Ferguson posted "E360 are spammer.." and yet the spam continued until February 23, 2007. Why would he not remove the address used in the post which was the address he was sending spam to?

> *You can send a data file containing these email addresses to e360insight@gmail.com. We would be happy to remove them from our system and not mail them again.*
>
> *Regards,*
>
> *Dave Linhardt*
> *e360Insight, LLC*

Plaintiffs posted March 4, 2008 the manufactured signup information for Defendant Ferguson.

> *Below is the source information of where you signed up and when.*
>
> *email: washington_resident@whew.com*
> *first_name: MARK*
> *last_name: FERGUSON*
> *address_1: 3831 FAWCETT AVE*
> *city: TACOMA*
> *state: WA*
> *zip: 98418*
> *zip+4: 98418-6734*
> *opt-in site: 123FreeTravel.com*
> *opt-in date: 2006-11-29 00:00:00.000*
> *ip address: 131.191.13.159*

Net.admin.net-abuse.email [NANAE] is for the discussion of email abuse and is not directed at Illinois residents.

| | |
|---|---|
| alt.illinois.schools.highschools.niles-west | chi.general |
| chi.ai | chi.internet |
| chi.eats | chi.jobs |
| chi.forsale | chi.jobs.offered |

4

chi.mail
chi.media
chi.music
chi.news
chi.news.stats
chi.personals

chi.places
chi.politics
chi.test
chi.wanted
chi.weather

Defendant MARK JAMES FERGUSON will and hereby does request that this Court take judicial notice of the following:

Plaintiffs were caught in Maui Jim Inc., v. Bargain Depot, Inc. case# Case No. 06-1169, spamming unlawfully for "knockoffs" of Maui Jim products, delayed and obstructed the proceedings.

> *In its Motion for Summary Judgment, Maui Jim explicitly requests that the Court do the following five things:*
> *(1) declare the '059 patent valid;*
> *(2) declare that BDE infringed the patent;*
> *(3) grant Maui Jim damages equal to the minimum statutory damages ($250);*
> *(4) adjudge that BDE's bad faith and dilatory conduct makes this case exceptional under 35 U.S.C. § 285; and*
> *(5) compensate Maui Jim by awarding it reasonable attorney fees incurred in prosecuting this matter after the date of the "reneged-upon settlement."*
>
> *In its Response to the Motion for Summary Judgment, BDE has admitted all of the factual allegations related to (1), (2), and (3) above and concedes summary judgment on those points.*
>
> *[....]*
>
> *The bottom line is that BDE's unwillingness to settle under the terms to which it had initially agreed, without any sound justification for its purported reason, combined with its discovery delays, renders this case "exceptional" for purposes of 35 U.S.C. § 285.*

III LAW AND ARGUMENT

**A. Federal Rule of Civil Procedure 21.**

*http://judiciary.house.gov/media/pdfs/printers/110th/civil2007.pdf*

*Rule 21. Misjoinder and Nonjoinder of Parties*

*Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.*

This Court can at their discretion dismiss, transfer this case to the appropriate venue. Defendant Ferguson never entered into any contract with the Plaintiffs that would give rise to their belief that

5

Illinois would be the proper venue for this case to be heard. If there was a contract entered it would have been with 123freetravel.com with whom Plaintiffs claimed I signed up with and therefore any and all claims as a result of that contract should be heard in the proper forum.

### B. 28 U.S.C. § 1404 Change of venue.

*(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.*

This federal code is buttressed in Supreme Court rule 187 for Illinois to promote fairness in the judicial system. The fact is that Ferguson resides 2,500 miles from the plaintiffs and therefore unless his actions occurred within the state of Illinois the case should be heard in a forum of his jurisdiction and venue.

### C. Rule 187. Motions on Grounds of Forum Non Conveniens.

The obviousness of this forum's inconvenience goes without saying.

*(b) Proceedings on motions. Hearings on motions to dismiss or transfer the action under the doctrine of forum non conveniens shall be scheduled so as to allow the parties sufficient time to conduct discovery on issues of fact raised by such motions. Such motions may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered. The determination of any issue of fact in connection with such a motion does not constitute a determination of the merits of the case or any aspect thereof.*

However there is no other forum that is convenient to the Defendant Ferguson that this court could reside over in the state of Illinois. Defendant Ferguson is now asking for this case to be transferred to another Forum that is more convenient. Defendant Ferguson is showing the necessity of granting this motion so justice and fair play are preserved.

### D. § 1406. Cure or waiver of defects.

*(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.*

There was never a contract between Plaintiffs and Defendants though that *contract* is the means by which they claim venue. In Para 12 they make the single damning claim that Ferguson signed up for their email with the sole intent to then complain about them.

By their own admission Ferguson did not sign up with them but instead they claim it was by a third party 123freetravel.com. If this is in fact true then by their own admission and own pleading venue is wrong. Ferguson would be bound by contract law and the contract itself which claim North Dakota as proper venue and jurisdiction.

http://123freetravel.com/terms.php

> *7.) The relationship between GenerationX-Solutions, Inc. and the Client will be governed by, and construed in accordance with, the laws of the State of North Dakota. Client hereby irrevocably consents to the exclusive <u>jurisdiction of the courts of the State of North Dakota and the federal courts situated in the State of North Dakota</u> in connection with any action arising between the parties.*

### E. Neither General Nor Specific Jurisdiction Exists In Illinois.

There is a two-step analysis to determine personal jurisdiction under the laws of Illinois. First, whether the state's long-arm statute and the applicable civil rule confer personal; Jurisdiction; and second, whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the U.S. Constitution.

> § 2-209. Act submitting to jurisdiction--Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State;
> (2) The commission of a tortious act within this State;
> (3) The ownership, use, or possession of any real estate situated in this State;

### F. Personal Jurisdiction Not Consistent With Procedural Due Process

Granting jurisdiction over Ferguson in a Court 2,500 miles from his place of residence would deprive Ferguson of his Procedural Due Process and place Ferguson at a very distinct disadvantage removing all notions of fair play.

The United States Supreme Court upheld this principle, and raised it to a constitutional level, when it stated that judgments entered by a court without such jurisdiction were violations of the Due Process Clause of the U.S. Constitution (Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 [1877]).

*http://law.jrank.org/pages/8361/Long-Arm-Statute.html*

7

If authority exists under Illinois's long-arm statute to exercise jurisdiction over Ferguson, which it does not, the Court must also consider whether the jurisdiction granted under the longarm statute is consistent with "traditional notions of fair play and substantial justice." International Shoe Co. v Washington, 326 U.S. 310, 316 (1945). In order to meet the International Shoe standard, defendant must have engaged in "continuous and systematic" conduct in the forum state. Id See also, Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 6th Cir. 1996). Even if Ferguson posted numerous complaints about the Plaintiffs, hailing Ferguson into Court in Illinois is not reasonable and offends all notions of fair play and substantial justice, This is because the newsgroup to which communications are sent are automatically sent via Usenet (interstate commerce), with no specific intent to send these complaints to Illinois residents or businesses. When the defendant's alleged contact with the forum state occurs via the Usenet, the Plaintiffs face an initial hurdle in showing where this Usenet conduct took place for jurisdictional purposes. The Sixth Circuit holds that the operation of a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction, even where the website enables the defendant to do business with residents of the forum state, because such activity does not approximate physical presence within the state's borders—the Usenet is not the same as the Internet or the World Wide Web and is not largely available requiring special software to access it.

Using Cadle Company v. Schlichtntann, 123 Fed. Appx. 675, 677. it was similarly found, complaints merely present an opportunity for persons in every state, and, in fact, in different countries to read them; and should not and does not constitute physical presence within the State of Illinois. Furthermore Mr. Ferguson states, any contact with Illinois is merely fortuitous and unintended.

**G. Personal Jurisdiction Over Ferguson Does Not Exist.**

Analyzing jurisdiction relative to Ferguson, there is no allegation or evidence that Ferguson himself transacted business in Illinois, Ferguson does not live, work, transact business, or own real estate in Illinois. He is a resident of Washington. Based upon Southern Machine, supra, there simply is no basis to assert personal jurisdiction over Ferguson.

**IV. CONCLUSION**

For the foregoing reasons, Defendant requests this court grant Ferguson's request for this case to be dismissed without prejudice to be refiled in a court of proper jurisdiction and proper venue or for this court to alternately transfer this case to the United States District Court, Western District of Washington, Seattle.

Respectfully submitted,

Mark James Ferguson
38331 S. Fawcett Avenue
Tacoma, WA 98418
Telephone: (253) 475-5316

9