IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E360INSIGHT, LLC, an Illinois Limited ) 
Liability Company, and DAVID LINHARDT, ) 
an individual, ) 
 ) 
                      Plaintiffs, ) 
    v. )   Case No. 08 C 442
 ) 
MARK JAMES FERGUSON, an individual, )   Judge Kendall
SUSAN WILSON A.K.A. SUSAN GUNN, an )   Magistrate Judge Ashman
individual, and KELLY CHIEN, an individual, ) 
 ) 
                      Defendants. ) 

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

NOW COMES  SUSAN WILSON, a/k/a SUSAN GUNN ("Gunn"), by her

counsel and for her Memorandum in Support of Gunn's Motion to Dismiss for Lack of

Personal Jurisdiction ("Motion") states as follows:

### INTRODUCTION

Ms. Gunn's Motion is filed in response to Plaintiffs', E360INSIGHT, LLC, and

David Linhardt, (collectively "Plaintiffs") Complaint, Count I for defamation as against

all Defendants; Count II for tortious interference with prospective business advantage as

against all Defendants; and Count III for tortious interference with contract as against all

of the Defendants.[1]  Notwithstanding the allegations of the Plaintiffs, the narrow issue

that Gunn requests this Court to consider is whether this Court has personal jurisdiction

over Gunn.

---

[1] Plaintiffs in the caption of their Complaint seek injunctive relief but make no allegations in their
Complaint nor is there a separate count in their Complaint supporting such a claim.

**FACTUAL SUMMARY**

On January 18, 2008, as noted, the Plaintiffs filed a three count Complaint.  This motion filed by Gunn is limited to a determination as to whether this Honorable Court has jurisdiction over the Defendant Gunn.  By way of brief background, Plaintiff E360INSIGHT, LLC, by its own admission is an e-mail based marketing company. Complaint, par. 10.  The Defendant Gunn is a volunteer researcher of Spamhaus, which is an international e-mail organization that operates at www.spamhaus.org.  Complaint, par. 29.  This cause of action arises out of the allegations by Plaintiffs that e-mails sent by Gunn to third parties and/or internet postings represent defamation and/or tortious interference and interference with prospective economic business advantage.  It is the same allegations concerning e-mails and internet postings that give rise to Plaintiffs' cause of action in Count II and Count III of their Complaint.

However, since Gunn's motion is limited to the issue of whether this Court has personal jurisdiction over her, and the Plaintiffs' claims, the remaining facts set forth herein are limited to the issue of jurisdiction.  Gunn is a resident of Garden Grove, California.  Gunn does not do business in the State of Illinois and has never visited the State of Illinois.  Gunn Affidavit, par. 2-4.  Gunn does not own any property in the State of Illinois.  Gunn Affidavit, par. 3.  Gunn, in her Affidavit, denies the essential allegations of the Complaint, however, attests that even if the described activities were true, those are activities that are done in furtherance of her duties as a volunteer researcher for Spamhaus.  Gunn Affidavit, par. 5.  Gunn denies sending any e-mails, even

so, the e-mails attached to Plaintiffs' Complaint were not sent to anybody in the State of Illinois. Gunn Affidavit, par. 6.

It is clear that based upon the foregoing facts and the arguments set forth herein below, there is no general jurisdiction over Ms. Gunn and there is no specific jurisdiction. Moreover, as to Plaintiffs' specific allegations supporting their claims for defamation, intentional interference with prospective business advantage and tortious interference with contract, it is clear that there is no personal jurisdiction over Ms. Gunn. In addition, Ms. Gunn is protected by the Fiduciary Shield Doctrine which prohibits the exercise of personal jurisdiction over Ms. Gunn.

For those reasons, Plaintiffs' Complaint should be dismissed as Gunn respectfully submits that this Court lacks personal jurisdiction over Gunn.

## LAW AND ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Defendant Gunn.

The Plaintiff has the burden to prove that this Court has personal jurisdiction over the Defendants. RAR, Inc. v. Turner Diesel, Limited, 107 F.3d 1272, 1276 (7th Cir. 1997); Traveler's Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd., 304 F. Supp.2d 1018 (N.D. IL 2004). In a case based on diversity of citizenship, the federal district courts sitting in Illinois have personal jurisdiction over a non-resident defendant only if an Illinois court would have jurisdiction. RAR, 107 F.3d at 1275. For an Illinois court to have personal jurisdiction over a non-resident defendant, personal jurisdiction must be permitted by (1) Illinois statutory law; (2) the Illinois Constitution; and (3) the Constitution of the United States. Id. at 1276.

3

With respect to Illinois statutory law, the Illinois long arm statute extends personal jurisdiction to the limit allowed under the due process clauses of the Constitution of the United States and Illinois Constitution.  735 ILCS, Section 5/209(c); RAR, 107 F.3d at 1276; Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992).  Thus, in Illinois the court need only inquire whether personal jurisdiction is permitted by (1) the Illinois Constitution and (2) the Constitution of the United States. RAR, 107 F.3d at 1276; Banwell v. Illinois College of Optometry, 981 F.Supp. 1137, 1139 N.D. Ill. 1997.  If jurisdiction is improper under either the United States or Illinois Constitution, the court lacks personal jurisdiction over the defendant.  Glass v. Kemper Corporation, 930 F.Supp. 332, 337 (N.D. Ill. 1996).

**B.      General Jurisdiction is Lacking.**

This Court is no doubt aware that personal jurisdiction may be established through evidence of "general jurisdiction" where the defendant has "continuous and systematic" contacts with the state in question or by proof establishing "specific jurisdiction" in which personal jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts.  Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002); see also, Steel Warehouse of Wisconsin, Inc. v. Leech, 154 F.3d 712, 714 (7th Cir. 1998).

In this case, as stated in the Affidavit of Susan Gunn attached as Exhibit 1, Ms. Gunn neither maintains offices, employees or real and/or personal property in Illinois. She is not employed in Illinois.  Furthermore, there is no allegation in Plaintiffs' Complaint supporting personal jurisdiction of this Honorable Court over Ms. Gunn.  Ms. Gunn has not traveled to Illinois and is resident of the State of California.  Ms. Gunn

4

simply has no contacts with the State of Illinois, let alone minimum contacts.

Accordingly, there is no reasonable basis to conclude that the Court has personal

jurisdiction over Defendant Gunn based on the Doctrine of General Jurisdiction.

Traveler's Cas. & Sur Co. v. Interclaim (Bermuda) Ltd., 304 F.Supp.2d 1018, 1024-26

(N.D. Ill. 2004).

### C.    Specific Jurisdiction is Also Lacking.

In determining whether personal jurisdiction exists under "specific jurisdiction"

Plaintiffs must establish that Defendant Gunn has minimum contact with Illinois.  Burger

King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 105 S.Ct. 2174 (1985).  In determining

whether sufficient minimum contacts exist, the court must determine whether the

defendants and each of them could "reasonably anticipate being hailed into court" in

Illinois.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559

(1980).  These contacts may not be fortuitous or attenuated.  Traveler's Cas. & Sur. Co.

v. Interclaim (Bermuda) Ltd., 304 F.Supp. 2d 1018, 1024-26 (N.D. Ill. 2004).  Rather,

this standard is satisfied when a defendant purposefully directs its activities at the forum

state and the litigation arises from injuries caused by those activities.  Burger King Corp.,

471U.S. at 474, 105 S.Ct. 2174.  The causal connection between litigation and

defendant's contacts with Illinois must be close enough to comport with fair play and

substantial justice.  RAR, 107 F.3d at 1278.  The plaintiff must prove that the defendant's

conduct in connection with the forum are such that the defendant "purposeful availed"

itself of the privilege of conducting activities in the forum, invoking the benefits and

protections of its laws.  Burger King, 471 U.S. at 474-75, 105 S.Ct. 2174; RAR, 107 F.3d

at 1277.  In this case, based upon her Affidavit it is clear that Gunn did not purposefully

avail herself of the protection of Illinois and never "conducted any activities" in Illinois. There are no allegations in the Plaintiffs' Complaint establishing how this Court could invoke personal jurisdiction over Ms. Gunn.  Perhaps more importantly, Ms. Gunn's Affidavit settles any doubt that she simply has no contact with this forum.  It is the Plaintiffs' burden to prove that personal jurisdiction exists.  Simply stated, Ms. Gunn has had no contact with Illinois, the forum state.

In summary, the Defendant Gunn is not engaged in activities in Illinois that are sufficient to establish personal jurisdiction in this state.  In addition, as set forth above, there are no allegations made by Plaintiffs that Ms. Gunn conducted any activities in the State of Illinois.  Based on the foregoing, personal jurisdiction is lacking.

**D.      Illinois Precedent Confirms That Personal Jurisdiction is Lacking.**

**i.      Plaintiffs have not established this Court's personal jurisdiction over Gunn concerning their purported defamatory claim.**

Courts interpreting personal jurisdiction in causes of action arising out of defamation apply the "effects" test as set forth in <u>Calder v. Jones</u>, 465 U.S. at 7088-89, 104 F. Ct. 1482.  The United States District Court for the Eastern District of Illinois has adopted the <u>Calder</u> test in <u>Jackson v. The California Newspapers</u>, 406 F.Supp.2d 893, 896 (N.D. Ill. 2005).

Judge Moran in <u>Jackson</u>  recited the <u>Calder</u> court's finding stating that a California court had personal jurisdiction over a Florida defendant because of the effects of a libelous article had on plaintiff, a professional entertainer, living and working in California.  The <u>Calder</u> court, as explained by Judge Moran, stated "In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.  <u>Calder</u>, 465 U.S. at 788.  See also, <u>Jackson v. California Newspapers</u>,

406 F.Supp.2d at 896.  Judge Moran drew a  distinction between the <u>Calder</u> matter and

the <u>Jackson</u> matter and found that in <u>Calder</u> 600,000 out of 5 million copies of the Florida

defendant's weekly newspaper were circulated in California where as in the <u>Jackson</u> case,

only 1 out of 65,000 print newspaper subscribers and no internet newspaper subscribers

resided in Illinois.  Additionally, Judge Moran went on to state that the plaintiff in <u>Calder</u>

like the plaintiff in the <u>Jackson</u> matter had a national reputation, and the brunt of the

<u>Calder</u> plaintiff's injury was felt in California.  The harm caused upon the <u>Calder</u> plaintiff

was centered in California and the <u>Calder</u> plaintiff experienced the most severe harm in

California.

The Plaintiff here does not allege that any defamatory e-mails or statements were

sent to any Illinois residents or any Illinois businesses by Ms. Gunn.  In fact, according to

Ms. Gunn, no e-mails were sent to anyone in Illinois as the assertions are false.  In

addition, no defamatory conduct is alleged to have taken place in Illinois.  To the

contrary, the Defendant Gunn attested in her Affidavit that no such e-mails were directed

to anyone in Illinois.  Based on the <u>Calder</u> case and the <u>Jackson</u> case, the place of the

defamation is tantamount to establishing jurisdiction.  Here, while Gunn vehemently

denies any statements were actually made, let alone defamatory statements, nonetheless

for the limited purpose of arguing against personal jurisdiction, it is clear that personal

jurisdiction is not proper here in Illinois.

### ii.    The Plaintiffs' claims in Counts II and III must also be dismissed because Plaintiffs have failed to establish personal jurisdiction over Plaintiff.

Plaintiffs have alleged in Counts II and III a cause of action for tortious

interference with contract, and tortious interference with prospective business advantage,

respectively.  In order to establish personal jurisdiction for tortious interference with

contract or intentional interference with prospective business advantage, it is incumbent upon Plaintiff to plead the locale of the injury. (Emphasis added.)  In addition, even if the purported economic injury occurred in the forum chosen by Plaintiffs, allegations that the Defendants had an intent to effect an Illinois interest and has impaired it is imperative. (Emphasis added.)  Ettelson v. Chien, 352 F.Supp. 2d 861, 866-876 (N.D. Ill. 2005). Plaintiffs have failed to allege the place of any injury.  In addition, Plaintiffs did not allege that the Defendant had an intent to effect an Illinois interest or has impaired the same.  Therefore, Plaintiffs have not established that personal jurisdiction may be invoked by this Court as to their Count II or Count III of their Complaint and the same should be dismissed.

**E.     Gunn Is Protected From This Court Invoking Personal Jurisdiction Based on the Fiduciary Shield Doctrine.**

Illinois recognizes the fiduciary shield doctrine barring the exercise of personal jurisdiction over an employee or agent who sought the protection and benefits of Illinois law only to serve the interests of his or her employer or principal.  International Financial Services Corp. v. Didde Corp., F. Supp. 2d 2002 WL 398513, page 4; citing, Central States Pension Fund v. Edwards, 1996 WL 385344, page 10 (N.D. Ill. 1996).  Illinois courts have long recognized the Fiduciary Shield Doctrine.  Petrich v. MCMusic World, Inc., 862 N.E.2d 1171 (1st Dist. 2007) 565 N.E. 2d 1302 1990); Burnhope v. National Mortgage Equity Corp., 567 N.E. 2d 356 (1st Dist. 1990); Renner v. Grand Trunk Western Railroad Company, 641 N.E.2d 1 (1st Dist. 1994); Alpert v. Bertsch, 601 N.E.2d 1031 (1st Dist. 1992).

In Ms. Gunn's Affidavit she denies the veracity of the allegations in Plaintiffs' Complaint.  However, Ms. Gunn attests that if true, the conduct complained of occurred

while she was  working in her capacity as a volunteer for Spamhaus.  In addition, the

Plaintiffs recognize that the conduct they complain of was in furtherance of Ms. Gunn's

responsibilities for Spamhaus.

> Wilson has admitted to being a Spamhaus volunteer, referring to her work for an
> international e-mail blacklisting organization that operates at www.spamhaus.org
> . . . Wilson has generated SBL and ROSKSO listings on Spamhaus.org for the
> express purpose of blocking E360's e-mail.  In addition, Wilson knowingly
> created these listings so they could be downloaded and used by other blacklist
> organizations . . .        Complaint, paragraph 29.

Clearly, based on Plaintiffs' allegations alone, the wrongful conduct alleged by

Plaintiffs falls within the Fiduciary Shield Doctrine and thus Ms. Gunn may not be

hauled into court here in Illinois in order to defend the allegations of Plaintiffs that, if

true, were in furtherance of Ms. Gunn's responsibilities as an agent/employee of

Spamhaus.  Thus, Gunn respectfully submits that this matter should be dismissed for lack

of personal jurisdiction and for any other relief this Court deems must and fit.

### CONCLUSION

For the forgoing reasons, the Defendant, Susan Wilson, a/k/a Susan Gunn, prays

that her Motion to Dismiss this action based on lack of personal jurisdiction be granted.

Respectfully submitted,

SUSAN WILSON
a/k/a SUSAN GUNN


By:___/s/Elliot S. Wiczer___
         One of Her Attorneys


Elliot S. Wiczer (#6226089)
WICZER & ZELMAR, LLC
Attorneys for Defendant Susan Gunn
500 Skokie Boulevard, Suite 350
Northbrook, IL  60062
(847) 849-4800