**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| E360INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 08C442 |
| | ) | |
| MARK JAMES FERGUSON, an individual, SUSAN WILSON A.K.A. SUSAN GUNN, an individual, and KELLY CHIEN, an individual, | ) ) ) | Judge Kendall Magistrate Judge Ashman |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK**
**OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**
**AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3)**

Defendant Kelly Chien, through counsel, for his Memorandum in Support of his Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) states and argues as follows:

**INTRODUCTION**

On January 18, 2008, Plaintiffs E360 Insight, LLC and David Linhardt (hereafter "Linhardt") filed a complaint against three defendants including Kelly Chien (hereafter "Chien").

On March 11, 2008, Defendant Mark James Ferguson (hereafter "Ferguson"), proceeding *pro se*, first filed his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)(6).

On April 14, 2008, Defendant Susan Wilson, a/k/a Susan Gunn (hereafter "Gunn"), through counsel, filed her Motion to Dismiss for Lack of Personal Jurisdiction. Gunn noticed her motion for presentation before this Court on April 23, 2008.

## ARGUMENT

Chien agrees with the thrust of Ferguson and Gunn's arguments that this Court lacks jurisdiction over all three defendants for reasons argued below. However, while Ferguson and Gunn have correctly argued their positions as to why this Court lacks jurisdiction over them (and Chien), there are several important additional reasons, argued below, why this Court lacks jurisdiction over Chien and why this is an inappropriate venue.

### A. *The Illinois Long-Arm Statute Does Not Allow the Court to reach Chien.*

Before a federal trial court may exert its personal jurisdiction over an out-of-state, non-consenting defendant, the court must satisfy the requirements of the appropriate state long-arm statute. Satisfying the long-arm requirements is a burden additional to the obligations of fairness imposed by the Constitution. *See, e.g., Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir.1995) (for jurisdiction over nonresident defendant, court must examine both the state long-arm statute and issues of due process).

The Illinois Long-Arm Statute (IL 5/2-209) allows federal trial courts to reach out-of-state defendants who have (1) transacted any business within this State; or (2) committed a tortious act within this State. Here, Plaintiff has failed to allege that Chien did either of these acts (or any of the other acts enumerated in the Statute). Specifically, Plaintiff clearly states on page 5 of his Complaint that Count I (Defamation) is brought only against Defendants Ferguson and Wilson, not Defendant Chien.

Plaintiff alleges in ¶23 of his Complaint that "Ferguson repeatedly referred to Plaintiffs as spammers through various online postings that can be accessed in the state of Illinois via the internet". Similarly, Plaintiff alleges in ¶29 of his Complaint that "Wilson knowingly created

these listings so that they could be downloaded and used by ISPs in Illinois…" However, Plaintiff makes no such allegation against Chien who, again, is not a defendant to Plaintiff's Count I. As a result, the Long-Arm Statute can not be used to hail Chien into this Court because Plaintiff has not alleged that Chien committed any acts in Count I that would warrant application of the Statute.

Nor do Counts II and III warrant application of the Long-Arm Statute. Those claims are brought against all three Defendants but nowhere do they allege that ***anything*** happened in the State of Illinois. Instead, they generally aver that the three Defendants forwarded e-mails, presumably from their home states of Washington, California, and New York to "e-mail blocking entities and to ISPs" without anywhere alleging that any of those recipients were located in the State of Illinois.

Indeed, the only specific allegation against Defendant Chien appearing anywhere in the Complaint is a single vague allegation in Count II of the Complaint in ¶37 that "Defendant Chien on June 2, 2005 referred to Plaintiffs as spammers." Nothing more is alleged and nothing suggests that anything happened in the State of Illinois. Plaintiff has attached no evidence to support this claim and, even if true, the claim is obviously barred by Illinois' two-year Statute of Limitations which would have expired on June 2, 2007, seven months before Plaintiff filed his Complaint. This is another reason why the Court should dismiss at the outset the case against Chien.

**B.  *The Court can not have personal jurisdiction over Chien while satisfying the Due Process provisions of the Constitution and notions of fair play and justice.***

Before a federal trial court may exert personal jurisdiction over a defendant, it must satisfy the due process standard of the 5th and 14th Amendments of the Constitution. This requirement must be met for each defendant. *Cf., Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct.

3

571, 572, 62 L.Ed.2d 516 (1980) ("The requirements of *International Shoe*… must be met as to each defendant over whom a… court exercises jurisdiction.")  Here, due process requirements are not met for any defendant, particularly Chien.

Chien has not consented to this Court's jurisdiction, whether contractually, through waiver, or counterclaim.  Nor was he served in the State of Illinois.  Nor was out-of-state service on him fair because he did not have sufficient "contacts" with Illinois.  Like Ferguson and Gunn, Chien has **_no_** contacts with the State of Illinois.  Plaintiff correctly identifies Chien as a resident of the State of New York.  Plaintiff served Chien in the State of New York.  Chien does not visit, work, or own property in the State of Illinois.  Chien, simply put, has nothing to do with the State of Illinois.

For personal jurisdiction over Chien to be constitutional, Chien would have to have "contacts" with Illinois of such a quality and nature that exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *Cf., ALS Scans, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002) ("However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him.") As argued above, Chien has *no* contacts with Illinois, let alone minimal contacts.

Because Chien has no contacts with Illinois, it is not necessary for the Court to evaluate the reasonableness of an assertion of personal jurisdiction, whether general or specific, over him, although if it did, it should certainly find unreasonable an assertion of personal jurisdiction over him as offensive to fair play and substantial justice.  *See IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998) (where plaintiff has not met burden of demonstrating defendant's

minimum contacts with forum, court need not reach question of whether exercise of jurisdiction would satisfy fair play and substantial justice).

Thus, it is not necessary for the court to consider the factors often considered in determining whether a defendant's contacts with a state are sufficient to sustain personal jurisdiction; the magnitude of defendant's contacts, the purposefulness of defendant's contacts, the systematic and continuous nature of defendant's contacts; the relation between defendant's contacts and the cause of action; the availability of witnesses and evidence; and the forum interest in a suit.

### C. The Court should dismiss the case against Chien for improper venue or transfer it to the United States District Court for the Northern District of New York.

Plaintiff attempts to establish jurisdiction by referring to 28 U.S.C. § 1391(a), stating "Jurisdiction is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district." Plaintiff confuses the concepts of jurisdiction and venue. 28 U.S.C. § 1391(a) pertains to venue, not jurisdiction, and provides three opportunities for venue, not personal jurisdiction, in cases where subject matter jurisdiction is based solely on diversity of citizenship. The second of those opportunities for venue is a judicial district "where a substantial part of the relevant events occurred". While venue is not proper in this judicial district and a substantial part of relevant events with respect to Chien did not occur within this district, venue issues are premature at this time as jurisdiction is lacking. *Cf., e.g., United States ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir.1969) ("[J]urisdiction must first be found over the subject matter and the persons involved in the cause before the question of venue can be properly reached.").

Should, however, the Court find jurisdiction proper, and it should not, the Court should still dismiss the case against Chien for improper venue. Chien is only alleged to have,

presumably from his home state of New York, "on June 2, 2005 referred to Plaintiffs as spammers". The requirement that the events in question be "substantial" to fix venue is a higher hurdle for Plaintiff than the "minimum contacts" required to establish jurisdiction. *See, e.g., Gulf Insurance Co. v. Glasbrenner*, 417 F.3d 353 (2d Cir.2005) ("[W]e caution district courts to take seriously the adjective 'substantial.' … It would be error… to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries.").

As an alternative to dismissal, but only if the Court first finds both that it has personal jurisdiction over Chien and that the United States District Court for the Northern District of Illinois is an appropriate venue, and it should find neither of those to be true, the Court should transfer the case against Chien under 28 U.S.C. §1404 to the United States District Court for the Northern District of New York. That is the judicial district in which Chien resides and is an adequate alternative forum.

<u>**CONCLUSION**</u>

The Court should dismiss the Complaint for lack of personal jurisdiction over Defendant Kelly Chien pursuant to Fed. R. Civ. P. 12(b)(2). In the alternative, the Court should dismiss the Complaint against Chien for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or transfer it to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §1404.

Respectfully submitted,

KELLY CHIEN

By: /s/ Steven E. Schwarz_____
One of His Attorneys

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone:  773/837-6134
Facsimile:  773/275-0202
stevenschwarz23@yahoo.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the above and foregoing Notice and Motion were served upon all counsel of record by facsimile, by depositing the same in the US Mail at 2461 West Foster Avenue, Chicago, Illinois, before 5:00 p.m. on April 18, 2008, with proper first class postage being prepaid; and by sending the same via electronic transmission using the CM/ECF system for the United States District Court for the Northern District of Illinois.


/s/ Steven E. Schwarz, Esq.