IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E360INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MARK JAMES FERGUSON, an individual, SUSAN WILSON A.K.A. SUSAN GUNN, an individual, and KELLY CHIEN, an individual, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 08C442 <br> ) <br> ) Judge Kendall <br> ) Magistrate Judge Ashman <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF MOTION TO
SEVER AND DISMISS PURSUANT TO FED. R. CIV. P. 21**

Defendant Kelly Chien, through counsel, for his Memorandum in Support of his Motion to Sever and Dismiss Pursuant to Fed. R. Civ. P. 21 states and argues as follows:

**INTRODUCTION**

On January 18, 2008, Plaintiffs E360 Insight, LLC and David Linhardt (hereafter "Linhardt") filed a complaint against three defendants including Kelly Chien (hereafter "Chien").

On March 11, 2008, Defendant Mark James Ferguson (hereafter "Ferguson"), proceeding *pro se*, first filed his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)(6).

On April 14, 2008, Defendant Susan Wilson, a/k/a Susan Gunn (hereafter "Gunn"), through counsel, filed her Motion to Dismiss for Lack of Personal Jurisdiction.

On April 18, 2008, Defendant Kelly Chien, through counsel, filed his Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

On April 28, 2008, the Defendants presented their motions to the Court.

# ARGUMENT

For the reasons argued below, the Court should sever the claims against Chien. For reasons previously argued by Chien in his Motion to Dismiss and for additional reasons argued, below, the Court should dismiss the claims against Chien.

### A. *The Court should sever the claims against Chien.*

Fed. R. Civ. P. 21 contains the remedy for misjoinder of parties and provides that "Any claim against a party may be severed and proceeded with separately." Joinder that does not meet the requirements of Fed. R. Civ. P. 20(a) is inappropriate and will necessitate the use of Rule 21. *See Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W.Va. 1993) ("[P]arties are misjoined when they fail to satisfy either of the preconditions for permissive joinder… set forth in Rule 20(a).").

Rule 20(a) provides that "All persons… may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Here, Plaintiffs do not allege *any* commonality between Chien and the two other Defendants with respect to Count I ("Defamation") of their Complaint. The Complaint clearly specifies that Count I is brought only against Defendants Ferguson and Wilson. Plainly, no right to relief is asserted against Chien "jointly, severally, or in the alternative" with respect to Count I.

As previously argued, the only specific allegation made anywhere in the Complaint against Chien appears in ¶37 and alleges that he "on June 2, 2005 referred to Plaintiffs as spammers." While that same paragraph mentions "NANAE postings referred to above", it is

plain from Plaintiffs' Complaint that they do not allege Chien posted any NANAE messages or they would surely have named him as a co-defendant to Count I of their Complaint. (Cf. ¶23 – 27 alleging that Ferguson posted messages on NANAE and ¶28 alleging that Wilson posted a NANAE message).

Chien is misjoined in Counts II and III because he is not alleged to have participated in a transaction, occurrence, or series of transactions and occurrences with the other two defendants. He is not alleged to have posted NANAE messages, the act that forms the basis of Plaintiffs' claims against Ferguson and Wilson. He is only vaguely alleged to have somehow once "referred to Plaintiffs as spammers". The medium he allegedly used and the alleged recipient(s), if any, remain shrouded in mystery. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir.1997) (approving holding that no common question exists simply because all claims arise under same general law; noting that each claim is discrete on facts, standards, and procedures).

Even if, however, the Court finds Chien to have been appropriately joined, the Court may nonetheless, and should, use Rule 21 to sever in the interest of justice. Chien would be subject to unreasonable and unnecessary expense and burden were he hailed into Illinois to defend himself, particularly when personal jurisdiction over him is lacking as previously argued in his Motion to Dismiss. *See, e.g., Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir.2000) (noting district courts' "broad discretion" under Rule 21; "[a]s long as there is a discrete and separate claim, the district court may exercise its discretion and sever it"); *Old Colony Ventures I, Inc., v. SMWNPF Holdings, Inc.*, 918 F.Supp. 343 (D.Kan.1996) (in employing Rule 21, court should consider convenience of parties, avoidance of prejudice, and judicial efficiency.). *See also In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (in the course

of applying Rule 21, district court has authority to empanel separate juries in appropriate circumstances).

### B. *The Court should dismiss the claims against Chien after severing them.*

In cases of inappropriate joinder, the court will order the inappropriately joined party dismissed, so that the remainder of the action may continue.

Moreover, although Plaintiffs indicate in ¶8 of their Complaint that they "seek in excess of $75,000 in damages from each Defendant" it strains credulity to imagine that the single remark Chien is alleged to have made could have damaged Plaintiffs in excess of $75,000. As a result, the United States District Court for the Northern District of New York, or any other federal court, would lack diversity jurisdiction because the amount in controversy could not possibly be satisfied. *See Middleton v. City of Blue Springs*, 145 F.3d 993 (8th Cir.1998) (if amount in controversy is challenged by opponent or court, claimant must prove amount by preponderance of evidence; court must dismiss if it concludes to legal certainty that claimant cannot recover required amount).

Finally, dismissal is required because the action against Chien is time-barred by the one year statute of limitations of the State of Illinois for offenses of the type alleged against Chien[1]. As argued in his Motion to Dismiss, the statute of limitations has run with respect to defendant Chien as he is alleged to have committed an act on June 2, 2005 and Plaintiffs did not bring their Complaint until January 18, 2008, more than eighteen months after the running of the Illinois statute.

In his Motion to Dismiss, Chien argues that if the Court denied his Motion to Dismiss it should transfer the case to the United States District Court for the Northern District of New

---

[1] 735 ILCS 5/13-201.

4

York, the district in which Chien resides.  But if the Court first severs the claims against Chien, as it should, it would be futile to transfer only the claims against him to that district because the action is similarly time-barred by the New York statute of limitations[2] which is one year for the offense alleged against Chien.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-221 (7th Cir. 1986) (transfer denied as futile and action dismissed because time-barred under limitations period that transferee court would apply).

## CONCLUSION

The Court should sever the claims against Chien.  The Court should then dismiss the claims against Chien.

Respectfully submitted,

KELLY CHIEN

By: /s/ Steven E. Schwarz
One of His Attorneys

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone:  773/837-6134
Facsimile:  773/275-0202
stevenschwarz23@yahoo.com

---

[2] New York Civil Practice Laws and Rules, Article 2, §215.

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that on May 5, 2008 a copy of the above and foregoing Memorandum in Support of Defendant Chien's Motion to Sever and Dismiss was served upon all counsel of record who are registered users of the Court's CM/ECF system using that system and by depositing the same in the US Mail at 2461 West Foster Avenue, Chicago, Illinois on May 5, 2008, with proper first class postage being prepaid to those who are not registered users of the Court's CM/ECF system.

                                                              /s/ Steven E. Schwarz, Esq.