IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E360INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 08 C 442 |
| MARK JAMES FERGUSON, an individual, SUSAN WILSON A.K.A. SUSAN GUNN, an individual, and KELLY CHIEN, an individual, | ) Judge Kendall<br>) Magistrate Judge Ashman<br>) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO SEVER**

NOW COMES the Defendant, SUSAN WILSON, a/k/a SUSAN GUNN, ("Gunn") by her counsel and for her Memorandum in Support of her Motion to Sever pursuant to Rules 20(a) and 21 of the Federal Rules of Civil Procedure ("Motion") states as follows:

**INTRODUCTION**

Ms. Gunn's Motion is filed in response to Plaintiffs' E360Ensight, LLC and David Lindhardt, (collectively "Plaintiffs") Complaint: Count I for defamation as against Ferguson and Gunn; Count II for tortuous interference with prospective business advantage as against all Defendants; and Count II for tortuous interference with contract as against all of the Defendants. Notwithstanding the allegations of the Plaintiffs, the narrow issue that Gunn requests this Court to consider is whether, in this Court's discretion, the claims against Gunn were misjoined by Plaintiffs and should be severed.

**FACTUAL SUMMARY**

By way of brief background, Plaintiff E360Insight, LLC, by its own admission is an e-mail based marketing company. (Plaintiffs' Complaint, ("Cmplt.") ¶10.) The Defendant Gunn is a volunteer researcher of Spamhaus, which is an international e-mail organization that operates at www.spamhaus.org. (Cmplt. ¶29). This cause of action arises out of the allegations by Plaintiffs that e-mails sent by Gunn and the two other defendants to third parties and/or internet postings represent defamation and/or tortuous interference and interference with prospective economic business advantage. It is the same allegations concerning e-mails and internet postings that give rise to Plaintiffs' cause of action in Count II and Count III of their Complaint.

However, since Gunn's motion is limited to the issue of severance of the claim against her, the remaining facts set forth herein are limited to the issue of severance. Gunn is a resident of Garden Grove, California. Gunn does not do business with Defendant Ferguson, who lives in Washington State and Defendant Chien, who lives in New York State. Gunn denies the essential allegations of the Complaint, however, she attests that even if the described activities were true, those are activities that are done in furtherance of her duties as a volunteer researcher for Spamhaus and not to instigate any private causes of action for her own benefit.

## LAW AND ARGUMENT

At issue is whether the Plaintiffs' claims against Gunn are improperly joined in the instant action with the Plaintiffs' claims against Defendants Mark James Ferguson and Kelly Chien. It is Gunn's position that the joinder is improper under the Federal

Rules of Civil Procedure ("F.R.C.P."), and therefore the claims against Gunn must be severed.[1]

## A. Gunn's Claim Must be Severed Because There is No Common Transaction or Occurrence

It is within the court's broad discretion to sever a claim under F.R.C.P. 21. Rice v. Sunrise Express, 209 F.3d 1008, 1016 (7th Cir. 2000). As long as there is a discrete and separate claim, this court may exercise its discretion and sever the claim(s). Id.

Because Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in F.R.C.P. 20(a). Hawkins v. Groot Industries, Inc., 210 R.R.D. 226, 229-30 (N.D.Ill. 2002). Under Rule 20(a), "permissive joinder of multiple defendants in one action is permitted only if: (1) the plaintiffs assert against the defendants "any right to relief. . . arising out of the same transaction, occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." *See,* Morton Grove Pharm. Inc. v. Nat'l Pediculosis Ass'n., 525 F.Supp.2d 1049, 1050, (N.D.Ill. 2007) *quoting,* DirecTV, Inc. v. Adrian, No. 03 C 6366, 2004 WL 1146122, *2, 2004 U.S. Dist. LEXIS 8922. *5 (N.D.Ill. May 18, 2004). "Misjoinder occurs when a plaintiff fails to satisfy *either* requirement." *See, e.g.,* Bailey v. N. Trust Co., 196 F.R.D. 513, 515-15 (N.D.Ill. 2000) (emphasis added).

In this case, Plaintiffs' Complaint misjoins Gunn, because Plaintiffs fail to allege claims against her which arose out of out of the same transaction, occurrence or series of transactions or occurrences as Plaintiffs' claims against the other two Defendants.

---

[1] Gunn respectfully requests that the Court consider the Motion to Sever first and then the Motion to Dismiss for Lack of Personal Jurisdiction second.

Specifically, Plaintiffs allege that the three named Defendants defamed and tortuously interfered with Plaintiffs' business through postings on internet message boards and/or email. (Plaintiffs' Complaint ("Cmplt.") ¶¶ 16-18; ¶¶ 22-29; ¶ 37; ¶¶ 45-48). However, simply alleging similar instances of misconduct is not enough to satisfy the common transaction requirement. *See*, Androphy v. Smith & Nephew, Inc., 31 F.Supp.2d 620, 623 (N.D.Ill. 1998) ("Simply alleging a similar statutory violation is not enough to satisfy the same transaction or occurrence requirement."). In fact, "[c]laims against multiple defendants arise from the "same transaction or occurrence" only if there is a connection between each defendant's actions." DirecTV v. Delany, No. 03 C 3444, 2003 U.S. Dist. LEXIS 24262, at *15-17 (N.D. Ill. Nov. 20, 2003)

Here, Plaintiffs fail to allege that the Defendants' alleged improper statements were connected, or that the Defendants were in any way connected. Plaintiffs fail to plead conspiracy, collusion or action by the Defendants in concert. In fact, Plaintiffs do not even allege that the three named Defendants were known to each other prior to the filing of this instant action where Plaintiffs: (1) admit that the Defendants all live in different states (Cmplt. ¶¶ 4-6); (2) admit that the statements allegedly made by the three Defendants took place on different dates (Cmplt. ¶¶ 23-28, 37); and (3) do not allege that the supposed statements were responsive to one another or part of a "conversation" or campaign to discredit Plaintiff.

Plaintiff further admits that the statements allegedly made by Defendants were not identical in content or nature. For example, in paragraph 24 of the Complaint, Defendant Ferguson is alleged to have posted a message containing the text, "E360Insight are spammers and now I can sue them." (Cmplt. ¶24). In paragraph 29, Plaintiffs allege that

Gunn, while working in her capacity as a volunteer for an anti-spam organization, created "listings" for the purpose of blocking Plaintiffs' email. (Cmplt. 29). The uncoordinated and dissimilar nature of these alleged improper disseminations, even if true, demonstrate independent motives and are clearly separate occurrences.

In a similar defamation case decided in the Northern District of Illinois, Judge Elaine Bucklo granted a motion to sever causes of action where the complaint failed to allege a conspiracy or concerted action, holding that "[t]he nature of the separate defendants' alleged improper actions-dissemination of different statements are plainly separate occurrences." Morton Grove Pharm. Inc., 525 F.Supp.2d at 1051.

Here, as in Morton Grove Pharm. Inc., Gunn's motion to sever must be granted because the common transaction requirement is not met. Because Plaintiff fails to meet the first prong of the test for proper joinder pursuant to Rule 20(a), and because Rule 20(2) requires that both prongs be met for proper joinder, an analysis of the instant facts in regard to the second prong of the Rule is unnecessary.

### B. Gunn's Claim Must be Severed to Avoid Prejudice to Gun

Gunn will suffer prejudice if the claims against her are linked together with the claims against Defendant Ferguson and Defendant Chien, however, Plaintiffs will suffer no prejudice if this Honorable Court severs the claims against Gunn.

Because Plaintiffs claims sound in defamation, it must connect its alleged damages not only to each defendant, but also to each specific statement. *See, e.g.,* Spelson v. CBS, Inc., 581 F. Supp. 1195, 1206 (N.D. Ill. 1984) (dismissing defamation *per quod* claim because the plaintiff failed to show, among other things, "which

5

statements caused what damage"). Plaintiffs will have to meet this burden regardless of whether their claims against the three Defendants proceed separately or together. In addition, with regard to Count II, tortuous interference with a prospective business advantage and Count III, tortuous interference with a contract, Plaintiffs will face the same challenges in proving proximate cause regardless of whether or not Gunn remains a party to the instant lawsuit. Gunn's severance from the instant action will not in any way increase the burden on Plaintiffs in regard to the other Defendants, as Gunn did not act in concert with the other Defendants and had no connection to their alleged statements or conduct. Therefore, there is no evidentiary "overlap."

By contrast, Gunn will suffer prejudice if the claims against her remain linked with those against the other Defendants. Forcing Gunn to defend against Plaintiffs' claims in the lawsuit would unnecessarily complicate the factual inquiries and discovery issues that will be specific to each Defendant, especially when taking into consideration that if any of the allegations against Gunn are true, they were undertaken when Gunn was acting in her capacity as a volunteer for an international organization, Spamhaus. Spamhaus was founded in the United Kingdom and maintains its only business office and its records in Geneva, Switzerland. As an added consideration, each of the three Defendants reside in different locations across the country. This fact creates an undue burden on Gunn who would presumable have to travel to take multiple depositions of each of the other Defendants and other witnesses.

Finally, forcing Gunn to defend herself alongside the other two Defendants is prejudicial in that it risks confusing a jury and invites jurors to hold Gunn responsible for the alleged statements of the other two Defendants. As stated above, Gunn has no

connection to the other Defendants and if she acted, she was not acting in concert with those Defendants.

Therefore, the risk of prejudice to Gunn supports this Honorable Court's use of its discretion to sever the claims against Gunn from this lawsuit.

## CONCLUSION

For the forgoing reasons, the defendant, Susan Wilson, a/k/a Susan Gunn, prays that this honorable Court grant her Motion to Sever this action pursuant to Rule 21 and Rule 20(a) and for any other relief this Court deems just and fit.

Respectfully submitted,

SUSAN WILSON
a/k/a SUSAN GUNN


By: /s/Elliot Wiczer
      One of Her Attorneys

Elliot S. Wiczer
Wiczer & Zelmar LLC
Attorneys for Susan Gunn
500 Skokie Blvd., Suite 350
Northbrook IL 60062
(847) 849-4800
Attny No. 6208432