IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E360INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual,<br><br>            Plaintiffs,<br>v.<br><br>MARK JAMES FERGUSON, an individual, SUSAN WILSON A.K.A. SUSAN GUNN, an individual, and KELLY CHIEN, an individual,<br><br>            Defendants. | Case No. 08 C 442<br><br>Judge Kendall<br>Magistrate Judge Ashman |

**DEFENDANT SUSAN GUNN'S MOTION TO VACATE ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARY NONSUIT THEIR COMPLAINT**

NOW COMES the Defendant, SUSAN WILSON, a/k/a SUSAN GUNN, ("Defendant") by and through her attorneys and for her Motion to Vacate Order Granting Plaintiffs' Motion to Voluntary Nonsuit Their Complaint with prejudice (Plaintiffs' Motion) states as follows:

1. This motion is brought pursuant to F.R.C.P. Rule 41 and F.R.C.P 60.

2. On or about January 18, 2008, the Plaintiff filed their Complaint as against Defendant Gunn.

3. Thereafter, Defendant Gunn, along with the other Defendants named herein filed Motions to Dismiss and for Severance.

4. The Plaintiff failed to timely file any responses and then on June 2, 2008, Plaintiff filed a Motion to Voluntary Non-Suit, with prejudice, their Complaint as against all Defendants.

5. The Motion to Voluntary Non-Suit Plaintiffs' Complaint was scheduled for hearing on June 9, 2008, before this Honorable Court.

6. Prior to June 9, 2008, and on June 4, 2008, this Court granted Plaintiffs' Motion without appearance by either party.

7. Defendant Gunn has no objection to Plaintiffs' Motion except that pursuant to Rule 41(d) the Court may condition the dismissal of an action at the request of plaintiff upon the payment of the defendant's costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order. F.R.C.P. 41(d).

8. Rule 41(a)(2) permits the district court to condition a voluntary dismissal of a plaintiff's complaint upon the payment of attorneys' fees to the defendant. F.R.C.P. 41(a)(2). Citing, Cauley v. Wilson, 754 F.2d 769, 771 (C.A. Ill. 1985).

9. In addition, this Court is vested with the authority pursuant to Rule 41(d) to award attorneys' fees in any action that has been previously dismissed by Plaintiffs. (Emphasis added.)

10. This Plaintiff filed this action against this particular Defendant, Susan Gunn, on two other occasions, one action filed in state court and one action filed in federal court. The case name and number of the prior filed and dismissed federal court action is attached hereto as Exhibit A. Those cases are nearly identical and arise out of the same causes of action as this instant action filed by the same Plaintiff. In addition, a state court case was also filed by the Plaintiffs as against Defendant, Gunn.

11. The Defendant Gunn has incurred costs in defending these multiple causes of action filed by Plaintiff that were ultimately nonsuited by Plaintiff. The attorneys' fees incurred to date for the Defendant Gunn are in excess of $10,000.

12. In light of the multiple filings all previously dismissed voluntarily by this Plaintiff, in light of the statutory authority provided this Court, attorneys' fees should be awarded to the Defendant Gunn as against the Plaintiff.

WHEREFORE, the Defendant, SUSAN WILSON, a/k/a SUSAN GUNN, prays that this Honorable Court enter an award of attorneys' fees[1] and for any other relief this Court deems just and fit.

Respectfully submitted,

SUSAN WILSON
a/k/a SUSAN GUNN

By: /s/Elliot S. Wiczer
　　　One of Her Attorneys

Elliot S. Wiczer (#06208432)
WICZER & ZELMAR, LLC
Attorneys for Defendant Susan Gunn
500 Skokie Boulevard, Suite 350
Northbrook, IL 60062
(847) 849-4800

---

[1] Gunn can substantiate the attorneys' fees she has incurred through a properly filed fee petition.